## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

SHONDARIOUS CLEO BROWN,

      Plaintiff,

v.                              Case No.  5:24-cv-18-TKW-MJF

SGT. L. BASFORD, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      The District Court should dismiss this case without prejudice because Plaintiff failed to comply with three court orders, failed to prosecute this action, and failed without explanation to pay the initial partial filing fee.

### I. BACKGROUND

      Plaintiff is a Florida prisoner proceeding *pro se*. Plaintiff filed this lawsuit on January 16, 2024. Doc. 1. After months-long delay due to Plaintiff's failure to comply with court orders to pay the filing fee or correct deficiencies in his *in forma pauperis* application, Plaintiff eventually filed a complete application for leave to proceed *in forma pauperis* on June 5, 2024. Doc. 9.

The undersigned granted Plaintiff leave to proceed *in forma pauperis* on July 12, 2024. Doc. 10. The undersigned assessed Plaintiff an initial partial filing fee of $32.17, and ordered Plaintiff to pay the initial partial fee by August 12, 2024. *Id.* at 2.

Plaintiff failed to comply. In response to a show-cause order, Doc. 12, Plaintiff requested an extension of time, alleging that prison officials at the Jackson Correctional Institution threw away Plaintiff's Special Withdrawal request. Doc. 13. On September 19, 2024, the undersigned extended Plaintiff's payment deadline to October 16, 2024. Doc. 15.[1]

After Plaintiff still failed to pay the initial partial fee despite being moved to a new prison, on November 7, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with court orders and failure to pay the initial partial filing fee. Doc. 18. The undersigned set a compliance deadline of November 22, 2024, and warned Plaintiff again that failure to comply with the order likely would result in this case being dismissed. *Id.* at 2.

---

[1] In the meantime, on September 18, 2024, the Florida Department of Corrections forwarded a *partial* filing fee payment of $5.00 from Plaintiff's account. Doc. 14. This payment reflects that Plaintiff received a deposit that triggered the FDC's obligation to forward a 20%-partial-filing fee payment. *See* 28 U.S.C. § 1915(b)(2); *see also* Doc. 10 at 2 ¶ 4.

To date, Plaintiff has not complied with the July 12 and September 19 orders, and has not paid the initial partial filing fee. Plaintiff also has not responded to the undersigned's November 7 order requiring Plaintiff, on or before November 22, 2024, to explain and show cause for his failures. Doc. 18.[2]

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee despite possessing

_____

[2] A copy of the November 7 show-cause order was initially returned to the court as undeliverable. Doc. 19. On December 17, 2024, the clerk of court re-mailed the order to Plaintiff at a new address reflected on the FDC's inmate locater. *See* Doc. 19. That mail has not been returned to the court. Plaintiff has not notified the court of any change of address since October 2024. *See* Doc. 17.

the ability to do so. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has failed to comply with three court orders, Docs. 10, 15, 18. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice; and

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>28th</u> day of January, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**